UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 24-273 (DSD/SGE)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **POSITION OF THE UNITED** |
| v. | ) | **STATES WITH RESPECT TO** |
| | ) | **SENTENCING** |
| MARQUESHA SIMONE | ) | |
| LINDSEY-MULLINS, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Marquesha Simone Lindsey-Mullins pleaded guilty to possessing more than 400 grams of fentanyl with the intent to distribute. The government respectfully asks the Court to sentence the defendant to the mandatory minimum sentence of 120 months.

## THE OFFENSE CONDUCT

On January 3, 2024, members of a drug-trafficking organization (DTO) exchanged text messages regarding traveling to Arizona in order to obtain fentanyl to later sell in Minnesota. The defendant flew to Los Angeles, California, on January 15, 2024, with another member of the DTO. After obtaining fentanyl, the defendant flew to Minneapolis on January 17, 2024, using a ticket that was purchased fraudulently through the use of another person's credit card without their approval. The defendant had 9,444 M-30

fentanyl pills in her luggage. The fentanyl weighed 944 grams. The defendant knew she was possessing, dealing, and facilitating the distribution of a controlled substance. The defendant voluntarily committed these acts.

## THE PRESENTENCE INVESTIGATION REPORT

On July 22, 2025, the defendant plead guilty to Count 1. ECF No. 44. The Presentence Investigation Report and the Plea Agreement are in accord that the United States Sentencing Guidelines adjusted offense level is 25. The defendant is a minor participant based on her limited knowledge and participation in the DTO. The government agreed to recommend that the defendant receive a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and to recommend that the defendant receive an additional one-level reduction for timely notifying the government of her intention to enter a plea agreement, pursuant to U.S.S.G. § 3E1.1(b).

The defendant is in Criminal History Category III. The plea agreement incorrectly computed the defendant as being in Criminal History Category II. *See* ECF No. 45¶ 7(f). The defendant does not qualify for a safety-valve reduction by virtue of her criminal history, which includes a three-point offense.

The guideline range of imprisonment is 70 to 87 months as calculated in the Presentence Investigation Report. However, the statutory minimum term of imprisonment is 10 years. 21 U.S.C. § 841(b)(1)(A)(vi); ECF No. 45 ¶ 7(g).

## SENTENCING RECOMMENDATION

As the Court knows, in addition to determining the Defendant's Sentencing Guideline range (18 U.S.C. § 3553(a)(4)), this Court is required to assess the other applicable sentencing factors under Section 3553(a) of federal sentencing law. Those factors include the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to victims. 18 U.S.C. § 3553(a). Pursuant to these factors and the mandatory minimum sentence that is required, the United States requests the Court sentence the defendant to the mandatory minimum term of imprisonment of 120 months.

### 1. Nature and Circumstances of the Offense

The defendant's actions in conspiring to introduce and traffic fentanyl endangered the whole community. The defendant's criminal activity was both harmful and dangerous. A lengthy sentence is necessary to provide just punishment, and to protect the public in the future.

**2.     Deterrence, Respect for the Law, and Protecting the Public**

A substantial sentence is also necessary to protect the public, promote respect for the law, and to provide adequate deterrence. The defendant is 30 years old. The defendant has a substantial criminal history, including assault crimes. The defendant also has a pending third-degree murder case in Hennepin County. Although the PSR indicates the defendant had a difficult upbringing, her history of drug use dates back at least as far back as when the defendant was only 13 years old.

A significant prison sentence is also necessary to provide deterrence. This is the defendant's fourth criminal conviction. Prior sentences have done nothing to stop the defendant from continuing on her course of conduct. A significant prison sentence is therefore necessary.

<u>**CONCLUSION**</u>

The defendant knowingly participated in the trafficking of more than 940 grams of fentanyl. The government respectfully recommends that the Court sentence the defendant to a term of imprisonment of 120 months.

Dated: November 7, 2025                        Respectfully Submitted,

                                        DANIEL N. ROSEN
                                        United States Attorney

                                        *s/ David M. Classen*
                                        BY: DAVID M. CLASSEN
                                        Assistant U.S. Attorney